## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JIMMY REGINALD WILLIAMS,
and MARY FRANCISCA EBUH,

        Plaintiffs,

vs.                                 Case No.  3:25-cv-648-MMH-PDB

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security,
ANGELICA ALFONSO-ROYALS,
Acting Director, U.S. Citizenship
and Immigration Services, and PAM
BONDI, U.S. Attorney General, U.S.
Department of Justice,

        Defendants.

_____/

## O R D E R

    **THIS CAUSE** is before the Court sua sponte. Plaintiffs initiated this

action by filing a two-count Complaint (Doc. 1; Complaint) on June 11, 2025.

Upon review, the Court finds that the Complaint constitutes an impermissible

"shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d

1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun"

pleadings. See id. at 1321–23. Relevant here, one such type of improper

pleading occurs where the complaint contains "multiple counts where each

count adopts the allegations of all preceding counts, causing each successive

count to carry all that came before and the last count to be a combination of the entire complaint." See id. at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in Count II of the Complaint, Plaintiffs incorporate by reference "[a]ll prior paragraphs." See Complaint at ¶ 41. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer

recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiffs an opportunity to file a corrected complaint which corrects the shotgun nature of the Complaint.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiffs shall file a corrected complaint[1] consistent with the directives of this Order on or before **June 30, 2025**.  Failure to do so may result in

---

[1] The filing of the corrected complaint does not affect any right Plaintiffs may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

a dismissal of this action.

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of June, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Counsel of Record